UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LATISHA MCFADDEN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| EMORY HEALTHCARE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

COMES NOW Plaintiff LATISHA MCFADDEN ("McFadden") and, by and through the undersigned counsel of record, hereby files this Complaint against Defendant, EMORY HEALTHCARE, INC. ("Emory"), respectfully showing the Court as follows:

## INTRODUCTION

1.

This is a case arising out of Defendant's employment discrimination and retaliation against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.* ("Title VII").

1

## JURISDICTION AND VENUE

2.

Plaintiff's claims present federal questions over which the Court has jurisdiction pursuant to 28 U.S.C. § 1331, § 1343(a), and 42 U.S.C. § 2000e-5(f)(3).

3.

Venue is proper pursuant to 42 U.S.C. § 2000e-5(f)(3) and pursuant to 28 U.S.C. § 1391(b) and (c), as every act of which Plaintiff complains occurred in the Atlanta Division of the United States District Court for the Northern District of Georgia.

4.

Plaintiff is a resident of the State of Georgia and submits herself to the jurisdiction of this Court.

This is an action pursuant to: (1) Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000(e) *et seq.*, for hostile work environment, race discrimination, and retaliation; (2) the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), for race discrimination and retaliation; (3) the Fair Labor Standards Act (the "FLSA"), as amended, 29 U.S.C. §201 *et seq.*, for unpaid overtime wages; and (4) state law claims of battery, intentional infliction of emotional distress, and negligent supervision and retention.

5.

This Court has original jurisdiction over Plaintiff's Title VII and Section 1981 claims pursuant to 28 U.S.C. §§ 1331.

6.

Venue in this district and division is proper under 28 U.S.C. § 1391 as the discriminatory incidents took place while on the job in the Northern District of Georgia, Atlanta Division, and the unlawful conduct complained of herein occurred in this district and division.

7.

This Court has Supplemental Jurisdiction over pendant state law claims under 28 U.S.C. § 1367 because said claims arise from the same nucleus of operative facts as the federal claims which form the basis of the Complaint.

8.

Plaintiff satisfied all administrative prerequisites to institute this action under Title VII. Specifically, Plaintiff timely filed a charge of discrimination with the

Equal Employment Opportunity Commission (the "EEOC"). The Notice of Right to Sue for Plaintiff's Charge was dated October 16, 2020 and Plaintiff received it shortly thereafter. Plaintiff has brought this suit within ninety (90) days of receipt of the Notice of Right to Sue.

## PARTIES

9.

Plaintiff is a citizen of the United States and is entitled to bring actions of this nature and type. Plaintiff is a resident of the Northern District of Georgia and is subject to this Court's jurisdiction.

7.

At all times relevant to this action, Plaintiff was an employee of Defendant Emory within the meaning of Title VII of the Civil Rights Act and the FLSA § 3(e), 29 U.S.C. § 203(e). Plaintiff performed non-exempt work for Defendant Emory within the last three (3) years and regularly worked in excess of forty (40) hours in a given work-week.

8.

Defendant Emory is a domestic corporation with its principal place of business located at 5665 Peachtree Dunwoody, Sandy Springs, Georgia 30342. Emory may be served by delivering process to its registered agent, Amy Adelman, located at 201 Dowman Drive, 312 Administration Building, Atlanta, Georgia 30322.

9.

Emory is an employer within the meaning of Title VII and the FLSA: it is engaged in an industry affecting commerce, employs more than 500 persons for each working day in each of twenty (20) calendar weeks in the current or preceding calendar year, and has an annual gross income well over $500,000.

10.

Defendant is now, and was at all times relevant to this action, a resident of the State of Georgia and is subject to the jurisdiction of this Court. At all times relevant to this action, Defendant was Plaintiff's direct supervisor who had authority to terminate Plaintiff's employment.

12.

Plaintiff satisfied all conditions precedent to filing this action, including filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and receiving a Notice of Right to Sue within ninety (90) of filing this civil action.

## FACTUAL ALLEGATIONS

Defendant Emory is the largest healthcare system in Georgia and is comprised of ten hospitals, the Emory Clinic and more than 250 provider locations.

13.

Plaintiff began working for Defendant as a Surgical Technician on or around August 17, 2015.

14.

At all times relevant to this action, Plaintiff did not have independent discretion or decision-making authority; all of Plaintiff's actions and job duties were undertaken at the explicit direction of her supervisors, or otherwise required approval from the same.

15.

Beginning in or around February 2017, Plaintiff was subjected to sexually harassing comments and subsequently was sexually harassed by Keith Armstrong, Operating Room Director and Marsalius Watson, Surgical Technologist First Assist.

16.

In or around July 2017, Plaintiff complained to David Reinhart, Unit Direct, that Mr. Armstrong was "obsessed" with Plaintiff and that he pushed Plaintiff through the operating door. (See Exhibit A – EEOC Charge of Discrimination).

16.

In or around September 2017, Plaintiff went on medical leave. In or around February 2019, Plaintiff returned to work.

17.

On or around September 18, 2019 or October 20, 2019, Marsalius Watson approached Plaintiff and said "I just want to fuck you." Plaintiff addressed Mr. Watson that he was being very disrespectful and her "man would not appreciate that." (See Exhibit A – EEOC Charge of Discrimination). In or around October 2019, Mr. Watson walked behind the Plaintiff and unsnapped Plaintiff's bra through her shirt. On October 21, 2019, Plaintiff complained to Noelia Sils, Operating Room Director and Leann LNU, Human Resources Specialist. On or about December 17, 2019, Mr. Watson yet again, sexually harassed Plaintiff by rubbing his body against the Plaintiff's in the operating room several times. On that day, December 17, 2019, Plaintiff yet again made a complaint to Ms. Sils and Rachael Myer, Operating Room Manager. On January 7, 2020, Plaintiff received a threatening text message. On January 8, 2020, Plaintiff complained to Ms. Sils and Ms. Myer. Furthermore, Plaintiff filed a security report as well as a police report. On or about January 16, 2020, Mr. Watson then reached his hand in Plaintiff's scrub pocket and touched Plaintiff's breast and then pulled Plaintiff towards him. On January 17, 2020, Plaintiff made yet another complaint to Ms. Myer. On January 21, 2020, Plaintiff was discharged. Ms. Sils informed Plaintiff that she was discharged for "being too loud." (See Exhibit A – EEOC Charge of Discrimination).

18.

12

Plaintiff reported all incidents mentioned herein to her employer's management and Human Resources Department.

19.

Despite Plaintiff's report to Emory's Human Resources department, Emory failed to address the issues and continued to expose Plaintiff to ongoing discrimination by its employees.

20.

As a result of 's inaction, Plaintiff felt frightened, anxious, nervous, embarrassed, humiliated, and powerless at work.

21.

Emory terminated Plaintiff's employment on January 21, 2020 because Plaintiff was "being too loud."

## CLAIMS FOR RELIEF

## COUNT ONE – TITLE VII - SEXUAL HARASSMENT

22.

Plaintiff hereby incorporates each and every preceding paragraph as if fully set forth herein.

23.

Plaintiff is a female and, therefore, a member of a protected class under Title VII.

24.

Plaintiff was subject to unwelcome harassment on the basis of her sex by being asked to engage in sexual activity with corporate officers to whom she reported. Such behavior was so severe and pervasive that it materially altered the conditions of her employment and created a discriminatorily abusive working environment.

25.

Defendants acted in bad faith, willfully and wantonly disregarded Plaintiff's rights under Title VII, and acted in reckless disregard for Plaintiff's rights under Title VII.

26.

As a result of Defendant's unlawful actions, Plaintiff has suffered lost

compensation, emotional distress, inconvenience, humiliation, and other indignities

27.

Plaintiff is entitled to damages including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under Title VII.

## **COUNT TWO – TITLE VII - RETALIATION**

28.

Plaintiff hereby incorporates each and every preceding paragraph as if fully set forth herein.

29.

Plaintiff engaged in statutorily protected activity by opposing conduct and actions made unlawful under Title VII. Plaintiff did this by declining to engage in sexual activity with officers of the corporation.

30.

Because of her protected activity, Plaintiff retaliated against Plaintiff by involuntarily terminating her employment.

31.

The above-pled discriminatory conduct toward Plaintiff constitutes unlawful retaliation against her in violation of Title VII.

32.

Defendants undertook their conduct intentionally and maliciously with respect to Plaintiff and her federally protected rights, or additionally, and in the alternative, undertook its conduct recklessly with respect to Plaintiff and federally protected rights, entitling her to recover punitive damages.

33.

As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation, emotional distress, inconvenience, humiliation, and other indignities.

34.

Plaintiff is entitled to damages including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under Title VII.

### COUNT III PUNITIVE DAMAGES
### (Against Emory)

35.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

36.

Defendants' actions with respect to Plaintiff have shown willful misconduct, malice, fraud, wantonness, oppression and complete disregard of care, thus entitling

Plaintiff to an award of punitive damages in order to deter, punish and penalize Defendants for and from such conduct in the future.

## COUNT IV
## ATTORNEYS FEES
### (Against All Defendants)

37.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

38.

Plaintiff is entitled to an award of attorneys' fees and expenses of litigation on each and every cause of action alleged herein, because Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. That the Court take jurisdiction of this matter;

B. That process be served;

C. That the Court award Plaintiff back pay and other lost benefits;

D. That the Court award Plaintiff front pay or other prospective relief;

E.	That the Court award compensatory damages in an amount to be determined by the trier of fact;

F.	That the Court award Plaintiff punitive damages in an amount to be determined by the trier of fact;

G.	That the Court award Plaintiff her reasonable attorneys' fees and costs in this action;

H.	That the Court grant Plaintiff the right to have a jury trial on all issues triable to a jury; and

I.	That the Court grant such additional relief as the Court deems proper and just.

Respectfully submitted this ___th day of January 2021.

By:	/s/ *LaRhonda Nicks*
**LaRhonda Nicks, Esq.**
GA Bar No. 553465
Attorney for Plaintiff
(770) 628-0330
nicksandassociates@gmail.com
The Law Firm of L.R.Nicks, LLC
12600 Deerfield Parkway, Suite 100
Alpharetta, Georgia 30004
ATTORNEY FOR PLAINTIFF

25

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 in the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

By: **/s/ *LaRhonda Nicks***
LaRhonda Nicks
Georgia Bar No. 553465