THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LATISHA MCFADDEN,
    Plaintiff,

v.

EMORY HEALTHCARE, INC.,
    Defendant.

Civil Action File No.:
1:21-cv-00244-CAP-RDC

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW Defendant Emory Healthcare, Inc. ("EHC" or "Defendant"), pursuant to Fed. R. Civ. P. 4(m), and respectfully submits this Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Complaint.

Federal Rule of Civil Procedure 4(m) requires service of the summons and complaint upon a defendant to be made within 90 days after the filing of the complaint. *See* Fed. R. Civ. P. 4(m). Rule 4(l) requires that unless service is waived, proof of service must be made to the court. *See* Fed. R. Civ. P. 4(l). If the complaint is not served on defendant within 90 days, the court must dismiss the action without prejudice or, order that the complaint be served within a specified period of time.[1]

---

[1] The 90-day deadline may only be extended upon a showing of good cause which "exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (*quoting Prisco v. Frank)*, 929 F.2d 603, 604 (11th Cir. 1991) (per curiam).

1

The Eleventh Circuit has long held that the dismissal of actions without prejudice where a plaintiff fails to comply with the deadline set out in Rule 4(m). *See e.g., Anderson v. Osh Kosh B'Gosh*, 255 Fed. Appx. 345, 348 (11th Cir. 2006) ("[W]e conclude that the district court did not commit reversible error in *sua sponte* dismissing [plaintiff's] complaint for failure to effect timely service of process, pursuant to Rule 4(m)."); *Ojelade v. Coleman*, 258 Fed. Appx. 257, 258 (11th Cir. 2007) ("[T]he district court did not abuse its discretion in *sua sponte* dismissing the case under Rule 4(m) because [plaintiff] did not follow the requirements of Rule 4."

Here, Plaintiffs Complaint should be dismissed without prejudice because Plaintiff has failed to comply with Fed. R. Civ. P. 4(m) since she has not served the Complaint on Defendant within 90 days of filing her complaint. Plaintiff filed the Complaint on January 14, 2021. (ECF No. 1). Plaintiff's Complaint identified the name and address of Defendant's registered agent. (ECF No. 1 at ¶ 8). Plaintiff had 90 days from the filing of the Complaint, until April 14, 2021, to serve process on Defendant. *See* Fed. R. Civ. P. 4(m).

To date, Plaintiff has not filed any return of service to indicate that Defendant was served with the Complaint and summons. Moreover, Plaintiff, who is represented by counsel, has failed to show any cause, let alone good cause, for her failure to serve Defendant, nor did she seek additional time within which to effect service. Accordingly, the Court should dismiss Plaintiff's Complaint without

prejudice. *See Ferreira v. LNV Corp.*, Civil Action No. 1:18-cv-05886-MLB-RGV, 2019 U.S. Dist. LEXIS 235169, at * 14 (N.D.Ga. Apr. 17, 2019) (dismissing *pro se* plaintiff's complaint without prejudice for failure to serve defendant within 90 days where plaintiff did not seek an extension of the deadline or show good cause for failing to serve the complaint within 90 days); *Fennell v. City of Porterdale*, Civil Action No. 1:17-cv-2312 TWT-CMS, 2018 U.S. Dist. LEXIS 65331, at * 6 (N.D.Ga. Jan. 31, 2018) (dismissing pro se plaintiff's complaint without prejudice for failure to comply with Rule 4(m)); *Brooks v. Deutsche Bank Nat. Trust*, Civil Action No. 1:17-cv-2044-LMM-CMS, 2017 U.S. Dist. LEXIS 219370, at *5 (N.D.Ga. Nov. 17, 2017) (dismissing complaint without prejudice based on plaintiff's failure to serve complaint within 90 days of filing).

For the foregoing reasons, Defendant respectfully requests that this Court grant its motion to dismiss Plaintiff's Complaint without prejudice based on her failure to serve EHC in accordance with the 90-day time limit in Fed. R. Civ. P. 4(m).

Respectfully submitted this 22nd day of April, 2021.

/s/  Toni J. Read
John S. Snelling
Georgia Bar No. 665759
Toni J. Read
Georgia Bar No. 140982
Lewis Brisbois Bisgaard & Smith LLP
600 Peachtree Street N.E.
Suite 4700
Atlanta, GA 30308

(404) 567-6588 (telephone)  
(404) 467-8845 (facsimile)  
Email: john.snelling@lewisbrisbois.com  
toni.read@lewisbrisbois.com  

Attorneys for Defendant  
Emory Healthcare, Inc.

# CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this **Defendant's Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Complaint** complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia. Counsel hereby states that this **Defendant's Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Complaint** has been typed in Times New Roman 14 count.

/s/ Toni J. Read
Toni J. Read